IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 16 2011
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **OLD DOMINION FREIGHT LINE, INC.** | ) ) ) |
| Defendant. | ) |

CIVIL ACTION NO.  11-2153

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charles Grams and a class of drivers who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Old Dominion Freight Line, Inc. failed to provide a reasonable accommodation to Charles Grams and discharged him because of his disability. In addition, the Commission alleges that Old Dominion Freight Line, Inc. maintains a policy that bans any driver who self-reports alcohol abuse from driving again in violation of the ADA. Finally, the Commission alleges that Old Dominion Freight Line, Inc.'s policy that conditions reassignment to a non-driving position on the employee's enrollment in a treatment program violates the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Western District of Arkansas, Fort Smith Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, Old Dominion Freight Line, Inc., (Defendant Employer), has continuously been a Virginia corporation doing business in the State of Arkansas and the City of Fort Smith and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charles Grams (Grams) filed a charge with the Commission alleging violations of Title I of the ADA and the ADAAA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 2009, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b) (1), 42 U.S.C. §§12112(a), and 12112(b)(5)(A) at its Fort Smith, Arkansas location.

9. These unlawful practices include, but are not limited to, Defendant Employer's failure to provide a reasonable accommodation to Grams and discharging him because of his disability.

   a. Defendant Employer is a trucking company that hauls general commodity freight using a network of service centers, one of which is located in Fort Smith, Arkansas. There are 211 service centers across the country, including Columbus, Ohio.

   b. Defendant Employer hired Grams as a local driver out of the Fort Smith, Arkansas terminal in November of 2004. As a driver Grams earned almost $22 per hour, worked full time, and received health and retirement benefits.

   c. On June 29, 2009, Grams self-reported to his supervisor that he had an alcohol abuse problem. Defendant Employer immediately suspended Grams from driving.

   d. Following Department of Transportation (DOT) regulations, Grams met with a DOT-certified Substance Abuse Professional (SAP), on July 1, 2009. The SAP's

report to Defendant Employer indicated Grams would participate in out-patient treatment and could be returned to work.

e.    On or about July 1, 2009, Luke Rhodes, Manager of Sales and Service, told Grams he would never return to a driving position. Brian Stoddard, Vice President of Safety and Personnel, also stated that Grams would probably never return to driver status.

f.    Defendant Employer offered Grams a part-time dock worker position whenever one became available. He would earn $12.00 per hour, work approximately 25 hours per week, and receive no benefits.

g.    Grams is a qualified individual with a disability under ADA and ADAAA who can perform the essential functions of a driving position.

h.    Defendant Employer failed to reasonably accommodate Grams when it told him it could place him in a position only when and if a position became available.

i.    Grams believed he would have to pay his expense for private outpatient treatment and be reimbursed by his insurance if it approved his treatment. As a result, Grams concluded he could not afford private-outpatient treatment.

j.    Grams began attending Alcoholics Anonymous on June 29, 2009. He advised Luke Rhodes that he attended group treatment and could not afford private outpatient treatment.

k.    Defendant Employer terminated Grams' employment on July 24, 2009, for job abandonment.

10.    The effect of the practices complained of in paragraphs 8 through 9 above has been to deprive Grams of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Grams.

13. Since around February 2009, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Section 102(a), 102(b)(5), 42 U.S.C.§§12112(a) and 12112 (b)(5)(A) at all of its locations across the United States by maintaining and enforcing a policy that violates the ADA.

14. These unlawful practices also include, but are not limited to, maintaining and enforcing a policy at each of Defendant Employer's facilities that permanently bans an employee disabled by alcoholism from returning to a driving position.

   a. Around February 2009, other employees who held driver positions nationwide self-reported substance abuse to Defendant Employer.

   b. Defendant Employer banned all drivers who self-reported alcohol abuse from driving again.

   c. The ADA recognizes alcoholism as a disability.

   d. The DOT does not prevent employees who self report for alcohol abuse from returning to driving positions.

15. The effect of the practices complained of above has been to deprive Grams and other affected drivers of equal employment opportunities and otherwise adversely affect their status as employees, in violation of the ADA.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above was done with malice or reckless indifference to the federally protected rights of Grams and other aggrieved individuals.

18. Since at least February 2009, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b)(1), 42 U.S.C. §§12112(a), and 12112(b)(5)(A) at its Fort Smith, Arkansas location.

19. These unlawful practices also include, but are not limited to, maintaining and enforcing a policy and practice at each of Defendant Employer's facilities that requires any employee disabled by alcoholism to enter a rehabilitation program of Defendant Employer's choosing for the employee to retain his or her employment.

    a. After Grams and other employees self-reported their alcohol abuse, Defendant Employer removed them from their driving positions.

    b. Defendant Employer offered them reassignment to other jobs on the condition that they each enroll in suggested treatment.

    c. For non-drivers, Defendant Employer offered continued employment on the condition that they obtain treatment suggested by Defendant Employer.

    d. Grams and other employees were qualified to perform the jobs without treatment.

20. The effect of the practices complained of above has been to deprive Grams and other affected drivers and employees of equal employment opportunities and otherwise adversely affect their status as employees in violation of the ADA.

21. The unlawful employment practices complained of above were and are intentional.

22 The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Grams and other affected drivers and employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from banning recovering alcoholic employees from driver positions, from enforcing a policy that requires recovering alcoholic employees to be permanently excluded from driving jobs, from conditioning continued employment on obtaining treatment, and from terminating drivers because of disability.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Charles Grams and other qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Grams and other affected drivers by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Grams and other affected drivers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Grams and other affected drivers by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above paragraphs in amounts to be

proven at trial.

F.   Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above paragraphs in an amount to be determined at trial.

G.   Order Defendant Employer to change its policy and practice of unilaterally refusing to return to driving positions those drivers who self-report alcohol abuse and to analyze those situations on a case by case basis.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

        Respectfully submitted,

        **P. DAVID LOPEZ**
        General Counsel

        **JAMES L. LEE**
        Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel

        *Faye A. Williams by PL*
        **FAYE A. WILLIAMS**
        Regional Attorney
        TN Bar No. 11730

        *Deidre Smith by PL*
        **DEIDRE SMITH**
        Senior Trial Attorney
        TN Bar No. 018499

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0088
          (901) 544-0140

*/s/ Pamela B. Dixon*

**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

*/s/ Markeisha Savage*

**MARKEISHA SAVAGE**
Trial Attorney
TN Bar No. 024693


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065
          (501) 324-6474

pamela.dixon@eeoc.gov
markeisha.savage@eeoc.gov