```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                    PLAINTIFF

        v.        Civil No. 11-2153

OLD DOMINION FREIGHT LINE, INC.                               DEFENDANT

O R D E R

Now on this 25th day of January, 2012, come on for consideration **Charles Grams's Motion To Intervene** (document #14) and **Grams's Request To Respond To Docs #17-18 And To File An Amended Complaint In Intervention** (document #19), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.  Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this suit upon the complaint of Charles Grams ("Grams") that he was denied reasonable accommodation under the Americans With Disabilities Act ("ADA") by policies of defendant Old Dominion Freight Line, Inc. ("Old Dominion"). Those policies, according to the Complaint, prohibit any truck driver who self-reports alcohol abuse from returning to a driving position, and condition return to a non-driving position upon enrollment in a treatment program.

    2.  Grams moves to intervene, as is his right by statute. Pursuant to **42 U.S.C. § 2000e-5(f)(1),** when the EEOC institutes a civil action, the person aggrieved has the right to intervene.

The Court finds, therefore, that Charles Grams's Motion To Intervene should be granted.

3. There is now pending a Motion To Dismiss filed by Old Dominion, and Grams desires to respond to that motion. Old Dominion objects, arguing that its motion is directed only at the claim made by EEOC, and that Grams has no standing to respond as he is not yet a party.

The Court believes that it will further the interests of justice to allow Grams to file his Complaint In Intervention, which incorporates EEOC's Complaint and adds a claim for damages, and then to respond to the Motion To Dismiss. It will, therefore, grant Grams's Request To Respond To Docs #17-18 And To File An Amended Complaint In Intervention to the extent it seeks leave to respond to documents #17 and #18.

4. To the extent Grams' Request To Respond To Docs #17-18 And To File An Amended Complaint In Intervention seeks leave to file "a more comprehensive complaint in intervention than the one Grams previously proposed," it will be denied. **Local Rule 5.5(e)** requires a party moving to amend a pleading to attach a copy of the proposed amendment to the motion, and the motion "must contain a concise statement setting out what exactly is being amended in the new pleading." Grams has not complied with this Rule.

**IT IS THEREFORE ORDERED** that **Charles Grams's Motion To Intervene** (document #14) is **granted,** and Grams is directed to file

-2-

his Complaint In Intervention no later than seven days from the date of this Order.

**IT IS FURTHER ORDERED** that **Grams's Request To Respond To Docs #17-18 And To File An Amended Complaint In Intervention** (document #19) is **granted in part and denied in part.**

The motion is **granted** insofar as Grams seeks leave to respond to documents #17 and #18, and he is allowed twenty-one days from the date of this Order to file such response.

The motion is **denied** insofar as Grams seeks leave to file an Amended Complaint In Intervention.

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**