```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                              PLAINTIFF

      v.            Civil No. 11-2153

OLD DOMINION FREIGHT LINE, INC.                         DEFENDANT

## O R D E R

Now on this 23rd day of April, 2012, come on for consideration the following:

   *    defendant's **Motion To Dismiss** (document #17);

   *    **Defendant's Motion To Dismiss Charles Grams' Complaint In Intervention** (document #28);

   *    **Defendant's Motion To Strike Intervenor Charles Grams' Amended And Substituted Complaint In Intervention** (document #43);

   *    **Grams's Motion For Leave To File An Amended Complaint** (document #46); and

   *    **Defendant's Unopposed Motion For Leave To File A Reply Brief In Support Of Its Motion To Strike Grams' Amended Complaint In Intervention** (document #48),

and from said motions, and the responses thereto, the Court finds and orders as follows:

    1. Plaintiff Equal Employment Opportunity Commission ("EEOC") brought suit (the "EEOC Complaint") upon the charge of Charles Grams ("Grams") that he was denied reasonable

accommodation under the Americans With Disabilities Act ("ADA") by policies of defendant Old Dominion Freight Line, Inc. ("Old Dominion"). Those policies, according to the EEOC Complaint, prohibit any truck driver who self-reports alcohol abuse from returning to a driving position, and condition return to a non-driving position upon enrollment in a treatment program.

2. Old Dominion moved to dismiss the EEOC Complaint ("Motion To Dismiss EEOC") for failure to state a claim.

To survive such a motion,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> \*   \*   \*
>
> . . . The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

**Ashcroft v. Iqbal**, **129 S.Ct. 1937, 1949 (2009)** (internal citations and quotation marks omitted).

3. With the foregoing in mind, the Court turns to an examination of the EEOC Complaint, and finds the following factual

allegations:

* that Grams was a driver for Old Dominion, a trucking company;

* that on June 29, 2009, Grams self-reported to his supervisor that he had an alcohol abuse problem;

* that Old Dominion immediately suspended Grams;

* that pursuant to Department of Transportation ("DOT") regulations, on July 1, 2009, Grams met with a DOT-certified Substance Abuse Professional ("SAP");

* that the SAP indicated Grams would participate in out-patient treatment and could return to work;

* that Old Dominion's Manager of Sales and Service told Grams he would never return to a driving position;

* that Old Dominion's Vice President of Safety and Personnel told Grams he would probably never return to a driving position;

* that Old Dominion offered to give Grams a dock worker position when one became available;

* that Grams is a qualified individual with a disability under the ADA who can perform the essential functions of a driving position;

* that Old Dominion failed to reasonably accommodate Grams when it told him it could place him in a position only when one became available;

\*   that Grams believed he could not afford private outpatient treatment;

\*   that Grams began attending Alcoholics Anonymous and told Old Dominion that he was attending group treatment and could not afford private outpatient treatment;

\*   that Old Dominion terminated Grams on July 24, 2009, for job abandonment;

\*   that Old Dominion has a policy that permanently bans an employee disabled by alcoholism from returning to a driving position;

\*   that the effect of this policy is to deprive affected drivers of equal employment opportunities, in violation of the ADA;

\*   that this policy and its practice are carried out intentionally, with malice or reckless indifference to the federally protected rights of Grams and other affected drivers;

\*   that Old Dominion has a policy that requires any employee disabled by alcoholism to enter a rehabilitation program of Old Dominion's choosing for the employee to retain his or her employment;

\*   that Grams and other similarly-affected employees were able to perform their jobs without treatment;

\*   that the effect of this policy is to deprive affected employees of equal employment opportunities, in violation of the

ADA; and

 * that this policy and its practice are carried out intentionally, with malice or reckless indifference to the federally protected rights of Grams and other affected employees.

 4. In order to make out a prima facie case under the ADA, the EEOC must show:

 * that Grams has a disability within the meaning of the ADA;

 * that Grams was qualified to perform the essential function of his job, either with or without reasonable accommodation; and

 * that Grams suffered adverse employment actions because of his disability.

**Cooper v. Olin Corp., Winchester Div., 246 F.3d 1083, 1087 (8th Cir. 2001).**

 5. Old Dominion first contends that the EEOC failed to plead facts sufficient to support a finding that Grams' alcoholism is a disability. The Court disagrees. "Disability" within the meaning of the ADA includes being regarded as having an impairment that substantially limits one or more major life activities. **42 U.S.C. § 12102(1)(C).** Working is a major life activity. **42 U.S.C. § 12102(2)(A).** The EEOC Complaint alleges that Old Dominion immediately suspended Grams from driving upon hearing his report of alcoholism, told him he would never be allowed to drive

for the company again, and terminated him when he failed to obtain private outpatient treatment for the condition.

These facts will support an inference that Old Dominion regarded Grams as being disabled by alcoholism, and that is sufficient at the pleading stage. "Asking for plausible grounds to infer" an element of the cause of action "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the cause of action. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 556 (2007).

6. Old Dominion next contends that the EEOC failed to plead facts sufficient to support a finding that Grams was a qualified individual under the ADA by

\*   failing to plead that Grams has no current clinical diagnosis of alcoholism, which is a requirement for driving a commercial motor vehicle under **49 C.F.R. § 391.41(b)(13);** and

\*   affirmatively pleading that Grams did not comply with the SAP's recommended treatment plan.

The Court does not find these contentions fatal to the EEOC Complaint. Fairly read, the EEOC Complaint does not contend that discrimination inhered in Old Dominion's suspension of Grams from driving, but rather in its alleged policy of denying an alcoholic the right to ever return to driving under any circumstances; in its alleged failure to reasonably accommodate Grams with another

position; and in its ultimate termination of Grams.

7. Finally, Old Dominion contends that it is unclear whether the EEOC intended to plead a "pattern or practice" claim, and asks that the EEOC be "required to properly and clearly plead the nature of its claims."

The EEOC responds that it is not alleging a "pattern or practice" claim, but a "policy violation" under **42 U.S.C. § 12112(a)**. That statute simply reads as follows:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

This language does little to resolve the scope of the EEOC Complaint, and the Court agrees with Old Dominion that the EEOC should be required to clearly plead the nature of any claims it is making that are not specific to the treatment of Grams.

For the foregoing reasons, the Court concludes that the Motion To Dismiss EEOC should be granted to the extent that it seeks clarification of the EEOC Complaint, and denied in all other respects.

8. While the Motion To Dismiss EEOC was pending, Grams moved to intervene. Under **42 U.S.C. § 2000e-5(f)(1)**, a person aggrieved by an act of discrimination "shall have the right to intervene in a civil action brought by" the EEOC, and Grams' motion was granted. Grams' Complaint In Intervention is a two-

paragraph document that incorporates the EEOC Complaint and prays for judgment in Grams' favor for various categories of damages personal to him.

9.  Old Dominion moved to dismiss the Complaint In Intervention ("Motion To Dismiss Grams"), incorporating its Motion To Dismiss EEOC. This motion will be denied, for the reasons set out in ¶¶ 5-6, and because the EEOC is directed to cure the only problem found with the EEOC Complaint, which Grams' incorporates, so that Grams need not replead.

10. Rather than respond to the Motion To Dismiss Grams, Grams filed an Amended And Substituted Complaint Of Intervenor Charles Grams ("Grams' Amended Complaint"), in which he again incorporated the EEOC Complaint, but also devoted some seven pages to additional allegations.

11. Old Dominion moved to strike Grams' Amended Complaint, making three arguments:

*   first, that the Court had already denied Grams leave to amend before he filed Grams' Amended Complaint;

*   second, that the document would interject a new issue into the case; and

*   third, that Grams' Amended Complaint contains what Old Dominion characterizes as "impertinent matter."

12. The background of the first of these arguments is as follows. Before being granted leave to intervene, Grams had moved

-8-

for leave to respond to the Motion To Dismiss EEOC. In that motion he sought, as an alternative form of relief, leave to file "a more comprehensive complaint in intervention than the one [he] previously proposed."

The Court granted Grams leave to respond to the Motion To Dismiss EEOC, but denied the alternative relief, citing Grams' failure to comply with **Local Rule 5.5(e)**, which requires a party moving to amend a pleading to attach a copy of the proposed amendment to the motion.

Grams then filed his two-paragraph Complaint In Intervention, and Old Dominion filed its Motion To Dismiss Grams. Without seeking leave further, Grams then filed his Amended Complaint. In it, he states that he is entitled to file an amended complaint as a matter of course pursuant to **F.R.C.P. 15(a)(1)**, which allows a party to amend a pleading to which a responsive pleading is required once, as a matter of course, within 21 days of service. His reasoning appears to be that although the Court had denied his *motion* for leave to amend, in accordance with **Local Rule 5.5**, it had not closed the door to his filing an amended pleading in accordance with **F.R.C.P. 15**.

13. The problem with this line of reasoning is to be found in the nature of intervention. As explained in **Wright, Miller & Kane**, <u>Federal Practice and Procedure: Civil 3d</u>, § 1901, intervention is "a procedure by which an outsider with an interest

in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants."

A special procedural rule governs the filing of complaints in intervention. **F.R.C.P. 24** requires a motion "accompanied by a pleading that sets out the claim or defense for which intervention is sought." It would circumvent this Rule to the possible prejudice of existing parties if an intervenor -- allowed to intervene on the basis of a pleading attached to a motion -- could then amend without leave of court to assert new claims or defenses.

For this reason, the Court finds that Old Dominion's Motion To Strike should be granted.

14. Subsequent to the briefing on the Motion To Strike, Grams filed his Motion For Leave To File An Amended Complaint. Once again, he failed to attach a copy of the proposed amended complaint to his motion, but the context makes it clear that what he proposes to file is Grams' Amended Complaint.

Old Dominion objects, for the same reasons asserted in its Motion To Strike. Most pertinent of these objections is that Grams' Amended Complaint interjects a new issue into the case, i.e., whether Old Dominion violated the Family and Medical Leave Act ("FMLA") by refusing to allow Grams time off to obtain treatment for alcoholism.

Old Dominion takes the position that Grams cannot assert

additional claims upon intervening into a case in which the EEOC is seeking to vindicate public rights, citing **Kyles v. First Tennessee Bank, N.A.**, 634 F.2d 349, 350 (6th Cir. 1980).

Grams counters that if he is not allowed to bring all his claims against Old Dominion in this action, "then he would be barred from bringing them at all" under the rules of *res judicata*.

15. The Court does not agree with either party on this issue. EEOC is correct that ordinarily, "an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." **Vinson v. Washington Gas Light Co.**, 321 U.S. 489, 498 (1944). This does not mean, however, that considerations of judicial efficiency are off the table.

Grams, on the other hand, is wrong in contending that the bar of *res judicata* would arise if he cannot assert his FMLA claim here. That doctrine bars a second suit between the same parties based on the same cause of action. **Wintermute v. Kansas Bankers Surety Co.**, 630 F.3d 1063, 1067 (8th Cir. 2011). An FMLA claim is a different cause of action from an ADA claim. That does not mean, however, that the doctrine of collateral estoppel will play no part in the overall litigation.

16. The Court's analysis takes a different approach. Grams' Motion To Intervene was granted pursuant to **F.R.C.P. 24(a)(1)**,

because he had a statutory right to intervene. That right was related to his ADA claim, not to his FMLA claim. Whether to allow Grams to intervene for the purpose of asserting his FMLA claim is more properly analyzed pursuant to **F.R.C.P. 24(b)(1)(B),** which authorizes intervention at the discretion of the Court where the moving party "has a claim or defense that shares with the main action a common question of law or fact."

As noted above, in order to make out a prima facie case under the ADA, the EEOC must show:

* that Grams has a disability within the meaning of the ADA;

* that Grams was qualified to perform the essential function of his job, either with or without reasonable accommodation; and

* that Grams suffered adverse employment actions because of his disability.

**Cooper**, *supra*, **246 F.3d at 1087.**

To make out a prima facie case for denial of FMLA rights, Grams must show:

* that he has a serious health condition that makes him unable to perform the functions of his job;

* that he gave Old Dominion adequate and timely notice of his need for FMLA leave; and

* that Old Dominion interfered with, restrained, or denied

-12-

the exercise of his rights under the FMLA. **Chappell v. Bilco Co.**, --- F.3d ---, 2012 WL 1123847 (8th Cir. 2012).

17.  The causes of action share a common factual issue: the impact of Grams' admitted alcoholism on his ability to perform the functions of his job.  For ADA purposes, he must show that he *was* able to perform; for FMLA purposes, he must show that he *was not*.

This presents a classic collateral estoppel situation.  As explained in **U.S. v. McManaman**, --- F.3d ---, 2012 WL 832994 (8th Cir. 2012),

> "We apply the doctrine of collateral estoppel when (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action."

(citing **Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers**, 440 F.3d 1038, 1044 (8th Cir. 2006).

Collateral estoppel issues can be avoided -- and judicial resources conserved -- by allowing Grams to pursue both claims in this action.  For this reason, the Court concludes that Gram's Motion To Amend should be granted.

18.  Upon the filing of Grams' Amended Complaint, as allowed by this Order, Old Dominion's final objection to Grams' Amended Complaint may come to the fore, *i.e.*, that Grams' Amended

-13-

Complaint contains impertinent material that should be stricken. The Court is not persuaded that, to the extent Grams' Amended Complaint contains irrelevant matter, it is sufficiently offensive or obstructive that it merits a recasting of the document. Thus, inasmuch as that argument has been asserted as to Grams' Amended Complaint (now stricken), and Grams' Amended Complaint (upon refiling) will mirror it, the argument is rejected.

19. Finally, Old Dominion's motion for leave to file a reply brief in support of its Motion To Strike will be denied as moot.

**IT IS THEREFORE ORDERED** that Old Dominion's **Motion To Dismiss** (document #17) is **granted in part and denied in part.**

The motion is **granted** to the extent that it seeks clarification of the EEOC Complaint, and denied in all other respects. EEOC is directed to file an Amended Complaint clarifying its "policy violation" claim within ten days of the date of this Order.

**IT IS FURTHER ORDERED** that **Defendant's Motion To Dismiss Charles Grams' Complaint In Intervention** (document #28) is **denied.**

**IT IS FURTHER ORDERED** that **Defendant's Motion To Strike Intervenor Charles Grams' Amended And Substituted Complaint In Intervention** (document #43) is **granted,** and the Amended And Substituted Complaint Of Intervenor Charles Grams (document #30) is stricken from the record and held for naught.

**IT IS FURTHER ORDERED** that **Grams's Motion For Leave To File**

**An Amended Complaint** (document #46) is **granted,** and he is directed to file Grams' Amended Complaint within ten days of the date of this Order.

**IT IS FURTHER ORDERED** that **Defendant's Unopposed Motion For Leave To File A Reply Brief In Support Of Its Motion To Strike Grams' Amended Complaint In Intervention** (document #48) is **denied.**

**IT IS SO ORDERED.**

                                                 /s/ Jimm Larry Hendren  
                                                **JIMM LARRY HENDREN**  
                                                **UNITED STATES DISTRICT JUDGE**