```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                          PLAINTIFF

         v.           Civil No. 11-2153

OLD DOMINION FREIGHT LINE, INC.                     DEFENDANT

## O R D E R

Now on this 29th day of May, 2012, come on for consideration the following:

   *   **Grams's Motion For Summary Judgment** (document #35);

   *   **Defendant's Rule 56(d) Motion To Defer Consideration of Intervenor, Charles Grams' Motion For Summary Judgment And To Take Discovery** (document #49); and

   *   **Defendant's Unopposed Motion For Leave To File A Reply Brief In Support Of Its Rule 56(d) Motion To Defer Consideration Of Intervenor, Charles Grams' Motion For Summary Judgment And To Take Discovery** (document #52),

and from said motions, and the responses thereto, the Court finds and orders as follows:

   1.   Plaintiff Equal Employment Opportunity Commission ("EEOC") brought suit (the "EEOC Complaint") upon the charge of Charles Grams ("Grams") that he was denied reasonable accommodation under the Americans With Disabilities Act ("ADA") by policies of defendant Old Dominion Freight Line, Inc. ("Old

Dominion").  Those policies, according to the EEOC Complaint, prohibit any truck driver who self-reports alcohol abuse from returning to a driving position, and condition return to a non-driving position upon enrollment in a treatment program.

2.   Grams was allowed to intervene, pursuant to **42 U.S.C. § 2000e-5(f)(1),** which grants a person aggrieved by an act of discrimination the right to intervene in a civil action brought by the EEOC.  Grams filed the pending Motion For Summary Judgment within weeks of intervening.

Old Dominion sought relief from the necessity of timely responding, asserting the need to take discovery.

3.   In the ordinary course of things, once a complaint has been filed and answered, discovery is conducted so that the parties can explore the contours of the case.  Either during or after the close of discovery -- once sufficient evidence is accumulated to support it -- a motion for summary judgment may be filed.  Grams seeks to short-circuit that process, but the Court finds no reason to allow such.

The initial Complaint in this matter was filed on August 16, 2011.  It is now May 29, 2012, and so much procedural skirmishing has taken place -- primarily over the manner in which Grams has pled his claim -- that the matter has only now reached the point where an Initial Scheduling Order can appropriately be issued and discovery can commence.  The Court believes it would be unfair to

all parties -- and a waste of judicial resources -- to attempt to resolve the Motion For Summary Judgment in this posture.  For this reason, Grams's Motion For Summary Judgment will be denied, without prejudice to its renewal when discovery has occurred, and the other motions  will be denied as moot.

   IT IS THEREFORE ORDERED that **Grams's Motion For Summary Judgment** (document #35) is **denied without prejudice**.

   IT IS FURTHER ORDERED that **Defendant's Rule 56(d) Motion To Defer Consideration of Intervenor, Charles Grams' Motion For Summary Judgment And To Take Discovery** (document #49) is **denied as moot**.

   IT IS FURTHER ORDERED that **Defendant's Unopposed Motion For Leave To File A Reply Brief In Support Of Its Rule 56(d) Motion To Defer Consideration Of Intervenor, Charles Grams' Motion For Summary Judgment And To Take Discovery** (document #52) is **denied as moot**.

   IT IS SO ORDERED.

                    /s/ Jimm Larry Hendren
                    **JIMM LARRY HENDREN**
                    **UNITED STATES DISTRICT JUDGE**