IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                          PLAINTIFF

v.                              Case No. 2:11-CV-02153

OLD DOMINION FREIGHT LINE, INC.                                  DEFENDANT

FINAL JURY INSTRUCTIONS

1.  Instructions
2.  Credibility of Witnesses
3.  Burden of Proof
4.  Evidence
5.  Expert Witnesses
6.  Officers, Employees, and Agents of Corporations
7.  Elements of Claim
8.  Reasonable Accommodation
9.  Business Judgment
10. Qualification Standards
11. Damages
12. Duties of Jurors

## INSTRUCTION NO. 1

## INSTRUCTIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions - the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

# INSTRUCTION NO. 2

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

# INSTRUCTION NO. 3

# BURDEN OF PROOF

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

# INSTRUCTION NO. 4

## EVIDENCE

You shall base your verdict only upon the evidence and these instructions.

Evidence is testimony of witnesses; exhibits received by the Court; and stipulations, which are agreements between the parties.  If the parties stipulate to a fact, you should treat that fact as having been conclusively proved.

Evidence may be direct or circumstantial.  The weight to be given any evidence is for you to decide.

Sometimes during a trial, references are made to pretrial statements and reports, witness depositions, or other miscellaneous item.  Only exhibits formally offered and received by the Court are available to you during your deliberations, and you will be provided with these.  Documents or items read from or referred to, which were not offered and received into evidence, are not available to you.  You may examine the exhibits very closely, but you may not alter them.

The following are not evidence: (1) statements, arguments, questions, and comments by the lawyers; (2) objections and rulings on objections; (3) testimony I told you to disregard; and (4) anything you saw or heard about this case outside the courtroom.

## INSTRUCTION NO. 5

## EXPERT WITNESSES

An expert witness is a person who has special knowledge, skill, experience, training, or education on the subject to which his or her testimony relates.

An expert witness may give an opinion on questions in controversy. You may consider the expert's opinion in the light of his or her qualifications and credibility, the reasons given for the opinion, and the facts and other matters upon which the opinion is based.

You are not bound to accept an expert opinion as conclusive, but should give it whatever weight you think it should have. You may disregard any opinion testimony if you find it to be unreasonable.

# INSTRUCTION NO. 6

## OFFICERS, EMPLOYEES, AND AGENTS OF CORPORATIONS

A corporation acts only through its agents or employees, and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

## INSTRUCTION NO. 7

## ELEMENTS OF CLAIM

The EEOC claims that Mr. Grams was discriminated against by Old Dominion because of a disability in violation of the federal Americans with Disabilities Act ("ADA"). To win his claim of disability discrimination, the EEOC must prove each of the following Six elements by the greater weight of the evidence:

*First*, **that Mr. Grams had an impairment—namely, alcohol addiction**; **and**

*Second*, **that Grams' alcohol addiction substantially limited his ability to perform one or more major life activities**; **and**

"Major Life Activities" are functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, concentrating, communicating, or learning. In determining whether Mr. Grams' alcohol addiction "Substantially Limited" his ability to perform one or more major life activities, compare his ability to do these things with that of the average person. In doing so, you may consider the conditions under which he performed these major life activities, the manner in which he performed them, and the length of time it took for him to perform them. It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

To determine whether one is "Substantially Limited" in a major life activity, you should consider (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long-term impact, or the expected permanent or long-term impact, of or resulting from the impairment.

**Third**, that Mr. Grams could have performed the essential functions of his job as a driver at the time Old Dominion refused to consider returning him to a driving position and terminated his employment, either with or without reasonable accommodation; and

To be a qualified individual with a disability under the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position; and (2) be able to perform the essential functions of the job, either with or without reasonable accommodation.

**Fourth**, that Mr. Grams requested a reasonable accommodation that Old Dominion failed to provide; and

**Fifth**, that Old Dominion knew of Mr. Grams' alcohol addiction, and but for this impairment, Old Dominion would not have terminated Mr. Grams and would have returned him to his driving position; and

**Sixth**, that Old Dominion took adverse employment action against Mr. Grams by refusing to consider returning Mr. Grams to a driving position and by terminating his employment.

If the EEOC has failed to prove any of the Six elements set forth above by the greater weight of the evidence, then your verdict must be for Old Dominion. However, if you find that the EEOC has proved all of these elements by the greater weight of the evidence, then your verdict must be for the EEOC, and Mr. Grams will be entitled to damages in some amount.

**INSTRUCTION NO. 8**

**REASONABLE ACCOMMODATION**

It is the responsibility of the employee to inform the employer that an accommodation is needed and to make such a request. This is the first step in the informal, interactive process between the individual and the employer. After an individual makes an accommodation request, the ADA requires the parties to engage in an "interactive process" to determine what precise accommodations are necessary. The burden remains with the plaintiff to show that a reasonable accommodation allowing him to perform the essential functions of the job is possible. Although the employee must make clear to the employer that he has a disability and desires an accommodation for that disability, the request need not be formal, nor invoke the magic words "reasonable accommodation." Requests for accommodations must be reasonable.

The failure of an employer to engage in an interactive process to determine whether reasonable accommodations are possible is evidence that the employer may be acting in bad faith. Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit him to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith. An employer is not obligated to provide an employee the accommodation he requests or prefers. The employer need only provide some reasonable accommodation.

In this case, if you find that Mr. Grams made a request for an accommodation, the ADA and its implementing regulations required that he and Old Dominion engage in an "interactive process" to determine what precise accommodations are necessary.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed.

## INSTRUCTION NO. 9

## BUSINESS JUDGMENT

An employer has the right to make subjective personnel decisions for any reason that is not discriminatory.

## INSTRUCTION NO. 10

## QUALIFICATION STANDARDS

The ADA provides that Old Dominion may defend itself from Mr. Grams' disability discrimination claim on the basis of a job qualification standard. The U.S. Department of Transportation's ("DOT") Regulations provide medical qualification standards for all drivers, and all drivers must meet these standards before operating a commercial vehicle, without regard to the ADA.

One such DOT qualification standard in this case provides that a driver is not medically qualified to drive if he has a "Current Clinical Diagnosis of Alcoholism." The DOT has provided instructions to medical examiners as to what this term means. In that context, the term "Current Clinical Diagnosis of Alcoholism" is specifically designed to encompass a current alcoholic illness or those instances where the individual's physical condition has not fully stabilized, regardless of the time element. If an individual show signs of having an alcohol-use problem, he should be referred to a specialist. After counseling and/or treatment, he may be considered for certification.

# INSTRUCTION NO. 11

## DAMAGES

If you find in favor of Mr. Grams, then you must award him such sum as you find will fairly and justly compensate him for any damages you find he sustained as a direct result of Old Dominion's refusal to return him to a driving position and terminate him.  Mr. Grams' claim for damages includes two distinct types of damages and you must consider them separately:

*First*, Back Pay.  You must determine the amount of any wages Mr. Grams would have earned in his employment with Old Dominion if he had not been discharged on July 27, 2009, through the date of your verdict, minus the amount of earnings and benefits that Mr. Grams received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Mr. Grams, such as emotional pain, suffering, and mental anguish.

You are also instructed that Mr. Grams has a duty under the law to "mitigate" his damages — that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find that he failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

## INSTRUCTION NO. 12

## DUTIES OF JURORS

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges - judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer, and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.  Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the Interrogatories are your written decision in this case. You will take the Interrogatories to the jury room, and when you have all agreed on your answers, your foreperson will fill in the answers, sign and date them, and tell the court security officer that you are ready to return to the courtroom.